### No. 232
### N. Y. CENT. RY. and ELYRIA (City) v. MEACHAM

Ohio Appeals, 8th Dist., Cuyahoga County

No. 4698. Decided Feb. 18, 1924

797. MUNICIPAL CORPORATIONS—Under 8676 and 8882 GC. municipalities have right to authorize railroads to build bridge abutments in street.

991. RAILROADS—Constructing and maintaining bridge supports in street when authorized by municipality is not negligence.

855. NUISANCES—Railroad held not liable for maintaining bridge pillars in street when authorized by city.

180. BRIDGES—Municipality held liable for injuries resulting from faulty maintenance of railroad bridge supports in street.

VICKERY, P. J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Grace Meacham against the city of Elyria, the New York Cent. Ry. and one Baird to recover damages for personal injuries. The evidence disclosed that the Railway Co. erected an overhead bridge at the intersection of two streets in Elyria. Through the center of one of these streets pillars were erected to support the bridge. In order to avoid raising the tracks high enough these two streets were so cut down that there was quite a grade or decline from both approaches to the bridge. Instead of traffic passing through the bridge before turning on to the other street it became more or less customary to make a short cut by driving directly between the pillars.

The evidence disclosed that the erection of such a bridge had been approved by the City Council and that all the proceedings were regular in that respect. While Baird was driving his automobile under the bridge he attempted to make this short cut by driving between the pillars. As he passed between the pillars his car and the car in which plaintiff was riding collided and the plaintiff was seriously injured. The petition charged Baird with the negligent act of violating the city ordinance, which provided that before one turns at a cross street he should go to the center of the intersection, which Baird did not do. The petition charged both defendants with the negligent acts of the faulty construction of the overhead bridge and in maintain-

ing a nuisance. Baird did not file an answer, but the other two defendants did. The jury returned a verdict in favor of plaintiff for $50,000 against the city and railway, but returned a verdict for the defendant, Baird. In sustaining the judgment as against Elyria and reversing the judgment as against the railroad, the Court of Appeals held:

1. Under 8676 and 8882 GC. a municipality has a right to authorize a railroad company to occupy a portion of the street or to build abutments on the street for the purpose of supporting overhead bridges.

2. As the railroad company only did those acts authorized by the city in building the pillars in this street, it was not guilty of negligence in placing the same in said street.

3. As the railroad company constructed the overhead bridge in accordance with the plans and under the direction of Elyria and did only those acts which the city authorized it to do, the railroad was not guilty of maintaining a nuisance in the public highway.

4. Although an act may be lwaful in itself yet it may be regarded as a nuisance though not a nuisance per se because of the manner in which it is done, maintained or carried on. As the evidence tended to show a faulty maintenance of said bridge by the city, the city could properly be considerd negligent in this respect. The trial court has rightfully submitted to the jury the question of whether or not, in view of the evidence, it adopted reasonable and necessary precautions to obviate danger.

Attorneys—S. H. West and C. C. Handy, for New York Central R. R. Co.; D. A. Baird, for City of Elyria; Payer, Minshall & Karach, for Meacham.